IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHAMARR PIARD and TABATHA ARNOLD, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 3:18-CV-847-WKW ) [WO] ) |
| VRP TRANSPORTATION, INC., and GEICO CASUALTY COMPANY, | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiffs' motion to remand. (Doc. # 8.) For the reasons stated below, Defendants are granted leave to conduct limited jurisdictional discovery on the amount in controversy, and additional briefing will be permitted. Ruling is reserved on the motion to remand.

## **I. BACKGROUND**

Plaintiffs filed this case on August 30, 2018, in an Alabama circuit court bringing state-law claims related to a motor vehicle accident. (Doc. # 1-1.) Plaintiffs assert they were involved in a collision with a tractor-trailer driven by an unidentified employee of Defendant VRP Transportation, Inc. ("VRP"). Plaintiffs maintain that the tractor-trailer unexpectedly slowed, causing a collision. After the collision, the VRP driver is alleged to have left the scene of the accident in violation of state law.

Plaintiffs sue VRP based on various theories of negligence and wantonness. They also bring a claim for uninsured/underinsured motorist coverage against their carrier, Defendant Geico Casualty Company ("Geico"). Seeking unspecified compensatory and punitive damages, Plaintiffs allege serious and permanent injuries. They have sought medical treatment for their injuries and combined their current bills total nearly $12,000.

The state-court record reflects that Geico was served on August 31, 2018 (Doc. #1-2, at 3), but it does not reflect the date of service on VRP, much less whether service on VRP was proper. The state-court record contains only a notation that service for VRP was "issued" by certified mail on August 30, 2018. (Doc. # 1, at 2; Doc. # 1-2, at 2); *see also* Ala. R. Civ. P. 4(a)(1) ("Upon the filing of the complaint, . . . the clerk shall forthwith issue the required summons or other process for service upon each defendant."). The record contains no information about whether or when VRP was served after issuance of the service documents.

VRP filed a notice of removal on October 1, 2018, based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1446(b)(1). Plaintiffs admit that the removal would have been timely if Geico had filed a consent to the removal on the same date. (Doc. # 8, at 13.) But Geico did not affirmatively join the removal. Instead, VRP merely stated in the notice of removal that it "anticipate[d]" that Geico would file a notice of consent but did not explicitly state whether Defendant Geico in fact had

2

consented. (Doc. # 1, at 8.) And, at the time of removal, there was nothing else in the record establishing that VRP had Geico's consent when it removed this action. (Doc. # 1.) While VRP attached to the notice of removal an affidavit from a Geico representative confirming its citizenship (Doc. # 1-5), the affidavit is silent as to whether Geico joined in the removal.

On October 10, 2018, Plaintiffs filed the instant motion to remand, claiming that the removal was improper due to Geico's lack of consent and VRP's failure to demonstrate the requisite amount in controversy. (Doc. # 8.) That same day, Geico filed a notice of its consent to removal. (Doc. # 9.) Then, on October 16, 2018, VRP filed an amended notice of removal to incorporate Geico's express consent. (Doc. # 14.) On October 24, 2018, VRP responded to the motion to remand. It contends that Geico's post-removal consent and VRP's amendment to the notice of removal cured any procedural deficiency caused by Geico's failure to timely consent. It also argues that the amount in controversy is apparent from the face of the complaint. (Doc. # 16.) Geico joined VRP's opposition to the motion to remand on October 25, 2018. (Doc. # 17.)

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Accordingly, they only have the power to hear cases over

which the Constitution or Congress has given them authority. *See Kokkonen*, 511 U.S. at 377. Congress has empowered the federal courts to hear cases removed by a defendant from state to federal court if the plaintiff could have brought the claims in federal court originally. *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts may exercise diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 exclusive of interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

The removing defendant bears the burden of establishing that the federal district court has jurisdiction over an action. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (placing burden of establishing federal jurisdiction on the defendant seeking removal to federal court). And, although the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear, *see Burns*, 31 F.3d at 1095, "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).

### III. DISCUSSION

Federal courts obtain diversity jurisdiction when the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount of $75,000. *See* 28 U.S.C. § 1332(a). When a case brought in a state court

4

falls within the original jurisdiction of the federal courts, the case may be removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). When removing under § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A). In this case, to be timely, the notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." *Id.* § 1446(b)(1). This statutory "requirement that all defendants consent to and join a notice of removal in order for it to be effective is referred to as the 'unanimity rule.'" *Stone v. Bank of New York Mellon, N.A.*, 609 F. App'x 979, 981 (11th Cir. 2015) (citing *Bailey v. Janssen Pharm., Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008)). Moreover, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." § 1446(b)(2)(C). "The failure to join all defendants in the [removal] petition is a defect in the removal procedure." *In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1410 n.2 (11th Cir. 1997) (collecting cases); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) ("[W]hether removal is timely . . . is not a jurisdictional issue.").

Plaintiffs are citizens of Alabama, and Plaintiffs noted in their Complaint that Defendants VRP and Geico are "foreign corporation[s]." (Doc. # 1-1, at ¶¶ 2–3.) Plaintiffs do not dispute that there is complete diversity of the parties, and VRP has established that it and Geico are not citizens of Alabama. (Doc. # 1-5.) Plaintiffs, instead, assert that Defendants failed to meet the timeliness requirement for removal due to Geico's delayed consent and that Defendants failed to establish the requisite amount in controversy.

**A. Geico's failure to consent is a procedural defect that has been cured.**

Urging remand, Plaintiffs argue that Geico's consent to removal filed on October 10, 2018, was nine days too late and that an untimely consent cannot be cured. (Doc. # 8, at 10–11; Doc. # 18, at 3–4.) Defendants counter that "a defective allegation of consent under § 1446(b)(2)(A) can be cured" and that it "properly cured the allegation of consent . . . by filing a specific and explicit amendment to the Notice of Removal, incorporating Geico's consent to removal." (Doc. # 16, at 6; *see also* Doc. # 17.)

Although ultimately Defendants' argument prevails, it is initially noted that Defendants have not identified the last date on which they contend Geico had to join in the removal. Some courts have interpreted § 1446(b)(2)(C) to require an earlier-served defendant (presumably Geico) to consent to removal within the later-served defendant's thirty-day removal window, while other courts have construed it to

permit an earlier-served defendant thirty days from the date of the later-served defendant's removal to consent. *See Couzens v. Donohue*, 854 F.3d 508, 514 (8th Cir. 2017) (observing that "the time frame for an earlier-served defendant to consent to a later-served defendant's notice of removal under § 1446(b)(2)(C) is unclear" and collecting cases where "courts have reached differing conclusions on this question," but declining to decide the issue). Defendants have not pointed to any Eleventh Circuit published opinion interpreting § 1446(b)(2)(C), a 2011 amendment that codified the later-served defendant rule. Prior to § 1446(b)(2)(C), however, the Eleventh Circuit had adopted the later-served defendant rule and required that "the later-served defendant receive the consent of all then-served defendants *at the time he files his notice of removal.*" *Bailey*, 536 F.3d at 1207; *but see Jones v. Commonwealth Land Title Ins. Co.*, 459 F. App'x 808, 810 (11th Cir. 2012) (holding that the removal was timely where the last-served defendant, who was served on June 1, 2011, filed a notice of removal on June 30, 2011, and the earlier-served defendant consented to the removal on July 1, 2011). In any event, because Defendants have not pinpointed the date that Plaintiffs served VRP or, alternatively, the date that VRP received a copy of the summons and complaint, calculating the commencement and end of the thirty-day period for Geico to consent to removal is unfeasible. This ambiguity, however, need not be clarified because even if Geico's

consent to removal was filed late, it is a technical defect that can be and has been cured.

There is circuit authority, albeit in an unpublished panel opinion, that a "technical defect related to the unanimity requirement may be cured by opposing a motion to remand prior to the entry of summary judgment." *Stone*, 609 F. App'x at 981 (citing *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 77 (1st Cir. 2009)). In *Stone*, all defendants were served with the initial pleading on the same date. All but one of the defendants timely removed the action within the statutorily required thirty days of service. The remaining defendant did not indicate its consent to removal until after the thirty-day removal period when it filed an opposition to the plaintiff's motion to remand. The Eleventh Circuit recognized that the "unanimity rule must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction." *Id.* (citation omitted). It held, however, although the one defendant "did not join the notice of removal, it did oppose remand, and therefore the district court did not err by refusing to remand for a technical defect related to the unanimity rule." *Stone*, 609 F. App'x at 981; *see also Esposito*, 590 F.3d at 77 (Even if the non-removing defendant failed to timely satisfy the unanimity requirement, "resulting in a technical defect in the removal process, the defect was subsequently cured when [the defendant] opposed

[the plaintiff's] remand motion, thereby clearly communicating its desire to be in federal court.").

Assuming without deciding that Geico's consent to removal was untimely, Geico, like the defendants in *Stone* and *Esposito*, filed an opposition to the motion to remand. Geico's opposition to the motion to remand cured the technical defect in the removal.

While the *Stone* decision is unpublished and not binding precedent on this court, given the recentness of this opinion and the similarity of facts, it is persuasive — more so than any cases cited by Plaintiffs. Other district courts in this circuit also have found convincing and applied the *Stone* decision's reasoning to deny motions to remand where a non-removing defendant belatedly consented to removal. *See Govan v. Yale Carolinas, Inc.*, 114 F. Supp. 3d 1183, 1189 (N.D. Ala. 2015) (denying motion to remand based on the reasoning in the *Stone* decision, which the court found "to be persuasive"); *James v. McDaniel*, No. CV 16-51-KD-M, 2016 WL 1573457, at *3 (S.D. Ala. Apr. 19, 2016) (denying motion to remand and finding, based on "the guidance provided by *Stone*," that the non-removing defendant's "untimely acquiescence to removal was a curable 'technical defect'"). On this record, Geico's after-the-fact notice of consent and its joinder in the opposition to remand cured the failure of Geico to join in the original notice of removal.

**B.      The amount in controversy is not facially apparent from the complaint.**

Plaintiffs argue that Defendants have failed to demonstrate the threshold jurisdictional amount by a preponderance of evidence. Defendants argue, however, that it is apparent from the face of the complaint that the amount in controversy exceeds $75,000 based on Plaintiffs' allegations of serious and permanent physical injuries and demand for punitive damages.

Defendants bear the burden of demonstrating that the requisite amount in controversy for diversity jurisdiction is satisfied. Where, as here, "a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement.'" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)). In some cases, the removing defendant must provide evidence to sustain its burden of proving that removal is proper. *See id.*; *see also Pretka*, 608 F.3d at 755 (clarifying that, for a first-paragraph removal (now codified at § 1446(b)(1)), for "defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal"). In other cases, "removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional

requirement." *Pretka*, 608 F.3d at 754 (alteration in original) (citation and internal quotation marks omitted). But the jurisdictional amount is not facially apparent where the complaint's allegations are conclusory. In *Williams v. Best Buy Co.*, 269 F.3d 1316 (11th Cir. 2001), the Eleventh Circuit held that the complaint's boilerplate allegations of "permanent physical and mental injuries," "substantial medical expenses," "lost wages," and "diminished earning capacity," accompanied by a demand for unspecified punitive damages, did not demonstrate that the amount in controversy was facially apparent from the complaint. *Id.* at 1320; *see also Thompson v. Target Corp.*, No. 2:18-CV-97-MHT-DAB, 2018 WL 1750754, at *3 (M.D. Ala. Mar. 21) ("In this Circuit, a complaint's reference to punitive damages does not automatically satisfy the jurisdictional amount in controversy requirement so as to trigger this court's jurisdiction." (citing *Williams*, 269 F.3d at 1320)), report and recommendation adopted, No. 2:18CV97-MHT, 2018 WL 1748116 (M.D. Ala. Apr. 11, 2018).

While the existence of jurisdiction cannot be divined "by looking at the stars," a removing defendant can rely on "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to establish the amount in controversy. *Pretka*, 608 F.3d at 753–54. It also is appropriate to consider "the nature of injury alleged and damages sought." *Townsend v. Win-Holt Equip. Corp.*, No. 2:17-cv-218, 2018 WL 4608476, at *2 (M.D. Ala. Sep. 25, 2018). Furthermore, "the defendant can take

into account damages . . ., as long as the estimate is not overly speculative." *Porter v. MetroPCS Commc'ns Inc.*, 592 F. App'x 780, 783 (11th Cir. 2014) (citing *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002)).

Contrary to Defendants' argument, the amount in controversy is not facially apparent from Plaintiffs' complaint. The deficiencies in the complaint in *Williams v. Best Buy Co.* also are present here. *See* 269 F.3d at 1318, 1320. Plaintiffs allege "serious" and "permanent" injuries, "permanently diminished" earning capacities, and that they have suffered "great physical pain and mental anguish" at the hands of Defendants. (Doc. # 1-1 ¶ 12.) But the description ends there with no concrete allegations describing the nature of Plaintiffs' alleged permanent injuries, diagnoses, or treatment. As the *Williams* court teaches, these conclusory allegations do not provide a way to measure the value of Plaintiffs' unspecified requests for compensatory and punitive damages. Any determination of the value would be an exercise in impermissible speculation. Accordingly, Defendants have not met their burden of proving the amount in controversy based on the complaint alone.

Defendants must rely then on something more than the complaint to establish the amount in controversy. Plaintiffs have submitted some medical bills — totaling around $6,500 for Plaintiff Piard and around $5,500 for Plaintiff Arnold. (*See* Docs. # 8-1, 8-2.) Plaintiffs are correct that the medical bills alone are "not enough on which this Court can say that the value . . . exceeds $75,000." (Doc. # 8, at 4.)

12

However, the documentation, which suggests that Plaintiffs suffered back injuries, does not foreclose future medical treatment and is consistent with Plaintiffs' allegation that they "will be caused in the future to expend large sums of money in the nature of doctor, hospital, drug and other medical expenses . . . ." (Doc. # 1-1, ¶ 12.)

Defendants also rely upon a mortality table. (Doc. # 16-1.) They observe that Plaintiff Piard is just twenty years old and, under the mortality table, is expected to live fifty-six more years. Defendants reason that reimbursement of just $4 a day (approximately $1,460 a year) to compensate Plaintiff Piard for his alleged permanent disability and loss of wages for the rest of his life, establishes damages at around $81,700 — an amount that exceeds the jurisdictional amount. Plaintiffs do not respond to this specific allegation about the amount in controversy. Instead, they assert generally that Defendants have not offered any evidence. While Defendants' observations regarding Plaintiff Piard's potential loss of earnings could be helpful in assessing the amount in controversy, the numbers are not based upon specific facts in the record, and, thus, the calculations turn out to be speculative.

On this record, though, Defendants have shown enough — based on the complaint's allegations of permanent injuries, claimed future expenditures of "large sums of money," and a demand for punitive damages, as well as evidence suggesting potentially ongoing medical bills — to justify post-removal discovery. Although

not required, in its discretion, the court will grant Defendants' request to conduct discovery on the amount in controversy prior to ruling on the motion to remand. *Cf. Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (indicating that, in a removal under the Class Action Fairness Act, the district court may permit post-removal discovery and make jurisdictional findings under the preponderance-of-the-evidence standard when after removal the amount in controversy is in dispute (citing H.R. Rep. No. 112-10, p. 16 (2011)); *Pretka*, 608 F.3d at 744 (Pryor, J., concurring) ("Our precedents have taken for granted that a defendant who removes a civil action has the same right that a plaintiff enjoys to conduct discovery about jurisdictional facts."). The parties are cautioned that discovery on the merits will not be permitted, and discovery is limited to evidence relevant to the amount in controversy at the time the case was removed. *See Williams*, 269 F.3d at 1319 ("[A] district court may properly consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal." (citing *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)).

## IV. CONCLUSION

For the reasons stated above, it is ORDERED as follows:

(1) Defendants are granted leave to conduct limited jurisdictional discovery on the amount in controversy as follows: Defendants may serve written jurisdictional discovery (interrogatories and requests for production of documents)

on Plaintiffs within ten days of the entry of this order. The discovery must be tailored narrowly to the amount in controversy, and the parties should work together in good faith in the coordination and completion of discovery.

(2) Defendants are GRANTED until **February 28, 2019**, to file a supplemental memorandum with evidence in opposition to Plaintiffs' motion to remand.

(3) Plaintiffs' may file a reply in support of their motion to remand within ten days after Defendants file their supplemental memorandum.

(4) Ruling on the motion to remand is RESERVED.

DONE this 15th day of January, 2019.

                                                /s/ W. Keith Watkins
                                   CHIEF UNITED STATES DISTRICT JUDGE